## INCORPORATED COMPANY LIABLE TO INDICTMENT FOR SELLING INTOXICATING LIQUORS.

[Lawrence County Common Pleas Court.]

STATE OF OHIO v. THE LEO EBERT BREWING COMPANY ET AL.

Decided, November 11, 1903.

*Corporations—Liable to Indictment for What Offenses—Requisite Intention of—Punishable for Selling Intoxicating Liquors.*

An incorporated company is liable to indictment in the state of Ohio for those offenses where the only requisite intention is an intention to do the act which the statute prohibits.

COLLINS, J.

The main question presented by the demurrer to this indictment, which charges an unlawful sale of intoxicating liquor, is as to whether an incorporated company is indictable under the laws of the state of Ohio, it being strongly contended by counsel for the defendant that for various reasons such indictment will not lie, principally because the Legislature has used terms which apply aptly to natural persons rather than artificial ones, and because it is doubtful whether a corporation as a legal entity can commit an offense.

The statute which provides what meaning shall be given to certain words and phrases in interpretation of part fourth of the Revised Statutes, does not help to determine this question, because it merely provides that the word person shall include corporation when the corporation is the owner of property which is the subject of offense.

Judge Welch, in an early case (24th Ohio State, 611), holds that a corporation is not indictable for nuisance, because the statutes prohibiting the offense at that time used the word person, and for the further reason that there was no provision for criminal process by which a corporation could be brought into court to answer to the indictment. I am also reminded of the fact that the Legislature has, since the decision just alluded to, passed an act rendering a corporation liable to indictment for nuisance, and it is argued that the Legislature in passing that act indicated the

purpose not to hold corporations indictable for other offenses; that if that was so intended it would have been so enacted. But upon this proposition it must not be forgotten that the Legislature has enacted and incorporated into the criminal code of procedure a provision for summoning corporations when indicted.

Section 7231 reads:

"When an indictment is presented against a corporation, a summons commanding the sheriff to notify the accused thereof, and returnable on the seventh day after its date, shall issue on the precipe of the prosecuting attorney; and the corporation may appear by one of its officers, or by counsel, and answer to the indictment by motion, demurrer or plea."

This statute no doubt passed upon the assumption that corporations were indictable. It has long been settled law that a corporation is civilly answerable for certain torts committed by its officers, including even a malicious libel, although, as this might well be said, that an intention is an element.

It does not follow to my mind that because the Legislature in enacting criminal statutes used personal pronouns, that they therefore intended only natural persons to be amenable in criminal procedure; in fact, in view of the prevalence of corporations, under present conditions, almost every branch of business now being transacted by them, it would seem strange, and hardly logical, to attribute to a Legislature a purpose to make an act unlawful when committed by a natural person, and not unlawful when done by the officers or agents of a number of persons who had become incorporated under the laws of the state. And it seems to me that the much more reasonable view is, that when acts of a corporation come within the spirit and purpose of a criminal statute, they should also be held to be within the letter, unless there is something in the statute indicating the contrary intention.

We are not, however, without authority upon the question. A late decision in the United States District Court, N. D., California (*United States* v. *John Kelso Company,* reported in Federal Reporter, Vol. 86, p. 304), De Haven, District Judge, discusses quite freely the question, and comes to the conclusion that for a large class of crimes, at least, a corporation is indictable, although the statute in terms may only apply to persons. With the reasoning

of this decision, I am entirely satisfied and believe that it is dis-
positive of this case.   The learned judge says, after quoting the
statute which makes it unlawful for a contractor or sub-contractor
to require or permit a laborer to work more than eight hours a day :

"The rules of evidence in relation to the manner of proving
the fact of intention are necessarily the same in a criminal as in
a civil case, and the same evidence, which in a civil case would be
sufficient to prove a specific or malicious intention upon the part
of a corporation defendant, would be sufficient to show a like
intention upon the part of a corporation charged criminally with
the doing of an act prohibited by the law.   Of course, there are
certain crimes of which a corporation can not be guilty, as, for
instance, bigamy, etc.   Crimes like these just mentioned can only
be committed by natural persons, and statutes in relation thereto
are for this reason never construed as referring to corporations;
but when a statute in general terms prohibits the doing of an
act which can be performed by a corporation, and does not expressly
exempt such corporations from its provisions, there is no reason
why such statute should be construed as not applying to them, when
the punishment provided for its infraction is one that can be
inflicted upon a corporation, as, for instance, a fine.   In the act
of Congress now under consideration, it is made an offense for
any contractor whose duty it shall be to employ, direct, or control
any laborer employed upon any of the public works of the United
States, to require or permit such laborer to work more than eight
hours in any calendar day.   A corporation may be a contractor or
sub-contractor in carrying on public works of the United States,
and as such it has the power or capacity to violate this provision
of the law.   Corporations are, therefore, within the letter, and as
it is as much against the policy of the law for a corporation to
violate these provisions as for a natural person so to do, they are
also within the spirit of this statute, and no reason is perceived
why a corporation which does the prohibited act should be exempt
from the punishment prescribed therefor.   If the law should
receive the construction contended for by the defendant, the result
would be that a corporation, in contracting for the doing of any
public work, would be given a privilege denied a natural person.
Such an intention should not be imputed to Congress, unless its
language will admit of no other interpretation."

It seems to me the reasoning of this case applies forcibly to the
one in hand.   A corporation is without question capable of making
a sale of liquor, and entirely capable of doing the acts prohibited
in that behalf by the statute.   And as is said by the learned judge

just quoted, there ought not to be attributed to the Legislature a purpose to punish the act when done by a natural person and overlook the same act when committed by an artificial person. The offense as here charged involves the act which a corporation is entirely capable of doing, and is punishable by a penalty, to-wit, a fine, which may readily be inflicted upon a corporation.

The demurrer to the indictment is overruled.

*E. E. Corn,* Prosecuting Attorney, for the State.

*C. E. Belcher,* for defendants.